# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

AMERICAN MUNICIPAL
POWER, INC.,

    Plaintiff,

    vs.

VOITH HYDRO, INC.,

    Defendant.

Case No. 2:17-cv-708

Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

## MEMORANDUM OF DECISION

This matter came before the Court for a discovery conference on May 24, 2018. Counsel for both parties appeared and participated in the conference.

The parties provided extensive letter briefing regarding certain discovery disputes relating to the production of Electronically Stored Information ("ESI") and other documents. Specifically, the parties' dispute centers around two ESI-related issues: (1) the propriety of a single-word search by Project name proposed by Defendant Voith Hydro, Inc. ("Voith") which it seeks to have applied to American Municipal Power, Inc.'s ("AMP") ESI;[1] and (2) the propriety of AMP's request that Voith run crafted search terms which AMP has proposed that are not

---

[1] Voith seeks to have AMP use the names of the four hydroelectric projects at issue in this case (Cannelton, Smithland, Willow and Meldahl) as standalone search terms without qualifiers across all of AMP's ESI. AMP proposed and has begun collecting from searches with numerous multiple-word search terms using Boolean connectors. AMP did not include the name of each Project as a standalone term.

limited to the Project's name.[2] After careful consideration of the parties' letter briefing and their arguments during the discovery conference, the Court concluded as follows:

- Voith's single-word Project name search terms are over-inclusive. AMP's position as the owner of the power-plant Projects puts it in a different situation than Voith in terms of how many ESI "hits" searching by Project name would return. As owner, AMP has stored millions of documents for more than a decade that contain the name of the Projects which refer to all kinds of matters unrelated to this case. Searching by Project name, therefore, would yield a significant amount of discovery that has no bearing on the construction of the power plants or Voith's involvement in it, including but not limited to documents related to real property acquisitions, licensing, employee benefits, facility tours, parking lot signage, *etc*. While searching by the individual Project's name would yield extensive information related to the *name* of the Project, it would not necessarily bear on or be relevant to the *construction* of the four hydroelectric power plants, which are the subject of this litigation. AMP has demonstrated that using a single-word search by Project name would significantly increase the cost of discovery in this case, including a privilege review that would add $100,000 - $125,000 to its cost of production. The burden and expense of applying the search terms of each Project's name without additional qualifiers outweighs the benefits of this discovery for Voith and is disproportionate to the needs of even this extremely complicated case.

---

[2] AMP contends that if Voith connects all its searches together with the Project name, it will not capture relevant internal-Voith ESI relating to the construction claims and defenses in the case. AMP asserts Voith may have some internal documents that relate to the construction projects that do not refer to the Project by name, and included three (3) emails with these criteria it had discovered as exemplars. AMP proposes that Voith search its ESI collection without reference to the Project names by using as search terms including various employee and contractor names together with a list of generic construction terms and the names of hydroelectric parts.

- AMP's request that Voith search its ESI collection without reference to the Project names by using as search terms including various employee and contractor names together with a list of common construction terms and the names of hydroelectric parts is overly inclusive and would yield confidential communications about other projects Voith performed for other customers. Voith employees work on and communicate regarding many customers at any one time. AMPs proposal to search terms limited to certain date ranges does not remedy the issue because those employees still would have sent and received communications about other projects during the times in which they were engaged in work related to AMP's Projects. Similarly, AMP's proposal to exclude the names of other customers' project names with "AND NOT" phrases is unworkable because Voith cannot reasonably identify all the projects from around the world with which its employees were involved during the decade they were engaged in work for AMP on the Projects. Voith has demonstrated that using the terms proposed by AMP without connecting them to the names of the Projects would return thousands of documents that are not related to this litigation. The burden on Voith of running AMP's proposed search terms connected to the names of individual employees and general construction terms outweighs the possibility that the searches would generate hits that are relevant to this case. Moreover, running the searches AMP proposes would impose on Voith the substantial and expensive burden of manually reviewing the ESI page by page to ensure that it does not disclose confidential and sensitive information of other customers. The request is therefore overly burdensome and not proportional to the needs of the case.

**IT IS SO ORDERED.**

DATED: June 4, 2018

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**