IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN MUNICIPAL
POWER, INC.

      Plaintiff,

      vs.

VOITH HYDRO, INC.,

      Defendant.

Case No. 2:17-cv-708

Chief Judge Algenon L. Marbley

Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Compel Production of Affirmative Expert Reports Concerning Voith's Counterclaims Related to Alleged Uneven Powerhouse Movement and Delays filed by American Municipal Power, Inc. ("AMP"). (ECF No. 101.)  For the reasons that follow, the Motion to Compel is **DENIED**.

### I.

Plaintiff and counterclaim-defendant AMP filed this action on August 14, 2017, against Voith Hydro, Inc. ("Voith"). (ECF No. 1.)  According to the Complaint, AMP is a wholesale power supplier for member municipal power systems with the ability to contract for power plants to be designed and built, which AMP, then, either wholly or in conjunction with others, owns or operates, or both.  AMP, as owner, contracted for four hydroelectric power plants to be designed and built at existing locks and dams along the Ohio River (*Id*. at ¶ 7.) AMP selected Voith to supply the major powerhouse equipment, including the hydraulic bulb-type turbines, governing systems and generators associated with these projects. (*Id*. at ¶ 13.)

AMP and Voith entered into an individual contract for each project. (*Id*.) AMP brings breach of contract claims and breach of express warranty claims against Voith relating to each of the contracts. (*Id*. at ¶¶ 48-87.) AMP seeks damages in excess of $40 million. (*Id*.) Voith has counterclaimed for breach of contract and unjust enrichment and seeks in excess of $40 million in damages. (ECF No. 32-1, at ¶¶ 75-90.)

In their Rule 26(f) report, the parties agreed to identify, and submit expert reports from, affirmative, defensive, and rebuttal experts. Under the terms of a prior scheduling order, the parties submitted affirmative expert reports on December 6, 2019. (ECF No. 74.) Under the terms of the current scheduling order, defensive expert reports are due October 12, 2020, rebuttal experts are to be identified by January 4, 2021, and rebuttal expert reports are due February 8, 2021. (ECF No. 103.) Further, expert discovery is to be completed by April 30, 2021 and dispositive motions are due June 18, 2021. (*Id*.)

## II.

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.1 (same). Voith contends that AMP has failed to comply with this certification requirement and, therefore, AMP's motion must be summarily denied. This issue merits little discussion. As the record reflects, the Court has been conducting regular status conferences with the parties. The Court is satisfied that this issue, implicated in various discussions of extensions of the case management schedule, did not lend itself to resolution absent the filing of AMP's current motion.

Rule 26 of Federal Rules of Civil Procedure provides the procedures and timeline for identifying potential witnesses. If a party wishes to use a witness as an expert, the party must disclose the identity of the witness, accompanied by a "written report—prepared and signed by the witness. . . ." Fed. R. Civ. P. 26(a)(2)(b). The expert witness must be identified "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the court does not order a specific timeframe, the disclosures must be made "at least 90 days before the date set for trial," or "if the evidence is intended solely to contradict or rebut evidence . . . within 30 days after the other party's disclosure." *Id.* Further, both parties must supplement their disclosures in compliance with Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E).

### III.

The focus of AMP's motion is that Voith should be compelled to re-designate as affirmative, and produce within 30 days, certain expert reports that Voith previously has designated as defensive.[1] By way of background, Voith produced one affirmative expert report as due under the scheduling order.[2] According to AMP, however, Voith's affirmative expert report is insufficient to support Voith's counterclaim. AMP contends that Voith's counterclaim contains distinct claims, which AMP characterizes as "powerhouse movement" and "delay" claims. AMP asserts that these claims require Voith to submit affirmative geotechnical and engineering expert analyses and a delay analysis in support. In AMP's view, Voith's current

---

[1] According to AMP, Voith identified six separate witnesses (Paul L. Lewis, Ricky A. Tipton, Jamshid Mohammadi, Ph.D., Raymond M. Lemming, Daniel R. Parker, and Derrick Watkins, Ph.D.) who are expected to provide opinions relating to "Bulb Turbine Housing erection and alignment." Voith further asserts that, at least two of these identified witnesses (Paul L. Lewis and Ricky A. Tipton), are explicitly identified as expected to provide testimony relating to "powerhouse movement." (ECF No. 101, at pp. 13-14; Ex. H.)

[2] This expert report was prepared by J.S. Held and totals 519 pages. (ECF No. 101, Exh. A.)

3

affirmative expert report is limited to addressing only the quantification of Voith's alleged damages but not Voith's entitlement to the claimed amounts owed.

Alternatively, AMP requests that, should the Court deny the current motion, its order specifically "prohibit Voith from using its defensive expert reports on summary judgment, at trial, or to otherwise support its affirmative claims." (ECF No. 108, at p. 12; *see also* pp. 2, 5-6.) For the following reasons, AMP's motion is not well-taken.

First, there is no dispute that Voith timely produced an affirmative expert report in support of its claim for amounts owed under its contracts with AMP. AMP has provided no evidence indicating that Voith is withholding additional completed affirmative expert reports. There is no question that the Court cannot compel Voith to produce something that does not exist. *See Miller v. Experian Info. Sol., Inc.*, No. 3:13-cv-90, 2014 WL 5513477, at *2 (S.D. Ohio Oct. 31, 2014) (collecting cases establishing that "[p]arties have no duty to create documents simply to comply with another party's discovery request."); *see also Brown v. Warden Ross Corr. Inst.*, No. 2:10-cv-822, 2011 WL 1877706, at *5 (S.D. Ohio May 16, 2011) ("Defendants have represented that they do not have the information Plaintiff seeks. The Court cannot require them to produce what they do not have.").

Further, Voith controls the presentation of its case. Voith views its counterclaim as "a straightforward breach of contract claim arising out of AMP's failure to pay Voith all amounts owed for designing, manufacturing and delivering turbine and generator equipment to AMP that it has been using to generate electricity at four separate hydro power plants since 2017." (ECF No. 107, at p. 2.) The manner by which Voith chooses to support each element of its counterclaim is up to Voith. It represents that it intends to support its claim through its timely produced affirmative report. Ultimately, Voith will bear the consequence if, as a result of its

expert designation choices, it is unable to meet its burden of proof as to its counterclaim. The Court, however, makes no determination as to the propriety of Voith's expert designations at this juncture.

Moreover, AMP's attempt to have the Court establish the parameters for Voith's use of its defensive expert reports is premature. AMP explains that its concern is that Voith *will* use reports designated as defensive in support of its affirmative claims. Currently, Voith represents that its defensive reports are not complete. Further, there is no evidence that Voith has made any attempt to use them in this way. Consequently, AMP's concern is pure speculation. A preemptive motion to compel is not the proper procedural vehicle to address AMP's concern. Should AMP's fear become reality, other procedural mechanisms remain available to AMP to address matters of improperly designated expert testimony. As Voith notes, "before the full production of defensive and rebuttal expert reports, before either fact or expert discovery has been completed, and before the time allowed for supplementing expert reports has passed – is not the appropriate time to evaluate whether the scope of any testifying expert's testimony at trial should be limited." (ECF No. 107, at p. 3.)

The untimeliness of AMP's request is further highlighted by the focus of the parties' briefing. Much of the briefing addresses the parties' interpretations of certain contractual provisions. Taking just one quick example, the parties detail what they have characterized as Voith's Field Service Adjustment Claim. In Voith's view, "AMP contractually agreed in the Contract to pay Voith on a daily rate basis for the number of days that it provided Field Services on the Projects." (ECF No. 107, at p. 12.) On the other hand, AMP asserts that "the Contract requires Voith to prove entitlement – that Voith's work was delayed by something outside of Voith's control – as a condition precedent to recovery of Voith's claimed Field Service

5

Adjustment." (ECF No. 108, at p. 10 n. 3.)   AMP's current motion also is not the proper vehicle to resolve this or any other contract interpretation issues.  Accordingly, the Court expresses no opinion as to merit of the parties' positions on these issues.

Finally, AMP's claim of prejudice also is based on nothing more than AMP's speculation that Voith intends to use its defensive expert reports in an affirmative posture.  AMP contends that Voith will have had a year to take fact discovery after production of the affirmative expert reports whereas it will be limited to less than two months to do so.   At this point, however, AMP has not demonstrated that this is Voith's intention.   Further, AMP has not shown that it will require additional time to respond to Voith's defensive expert reports.  If, at the appropriate stage, AMP concludes that it requires such additional time, it can raise the issue with the Court then.  AMP's conclusory assertion here that it will be prejudiced by such a potential delay simply does not provide a sufficient basis for granting AMP's requested relief at this time.

### IV.

For all these reasons, AMP's Motion to Compel Production of Affirmative Expert Reports Concerning Voith's Counterclaims Related to Alleged Uneven Powerhouse Movement and Delays (ECF No. 101) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:  May 18, 2020**           /s/ *Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **CHIEF UNITED STATES MAGISTRATE JUDGE**