IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMERICAN MUNICIPAL
POWER, INC.

      **Plaintiff,**

      vs.

VOITH HYDRO, INC.,

      **Defendant.**

Case No. 2:17-cv-708

Chief Judge Algenon L. Marbley

Magistrate Judge Elizabeth P. Deavers

**OPINION AND ORDER**

This matter is before the Court to consider the Motion for Additional Deposition Time filed by Defendant Voith Hydro, Inc. ("Voith").  (ECF No. 211.)  Plaintiff American Municipal Power, Inc. ("AMP") filed a Response (ECF No. 212) and Voith filed a Reply (ECF No. 219).  For the following reasons, Voith's Motion is **GRANTED, in part.**

**I.**

The issue here is whether Voith has demonstrated that additional deposition time is necessary to fairly examine Pete Crusse as contemplated by the Federal Rules of Civil Procedure.  Specifically, Voith requests two additional seven-hour days for the completion of his fact deposition.  As far as relevant background, the parties, acknowledging the specific nature of the case, had agreed to a default limit of two seven-hour days for fact witness depositions of all AMP and Voith employees.  While there is some apparent disagreement as to whether this default limit was set in stone as to Mr. Crusse or remained open to revisitation, there is no debate

that the additional time Voith requests here would both exceed the default limit as applied to other deponents and be in addition to Mr. Crusse's 14-hour Rule 30(b)(6) deposition.

Accordingly, the current dispute is straightforward and Voith argues that the following reasons justify an extension of the deposition. This case, involving the construction of four separate hydroelectric power plants, is remarkable in length, breadth and dollar value. Mr. Crusse had and continues to have unparalleled responsibility with respect to the construction projects and the claims arising from those projects such that other deponents including AMP's expert, have consistently deferred to him. Given the singular nature of his involvement, Voith asserts that it requires additional deposition time to address three remaining matters: (1) installation contractor claims; (2) Voith equipment alignment and powerhouse foundation settlement issues; and (3) submittal milestone liquidated damages. This need remains, according to Voith, despite the numerous topics it already has explored with Mr. Crusse in his individual deposition, including, *inter alia*, AMP's discharge ring claim, the circumstances surrounding the 2012 Memorandum of Understanding, and AMP's assessment of equipment delivery milestone liquidated damages, all topics involving significant dollar amount claims. Voith also details that, given Mr. Crusse's documented and comprehensive involvement in this litigation, this additional deposition time will not present any undue burden.

To counter, AMP contends that the 14-hour default time period already recognizes and accounts for the complex nature of this case. As AMP sees it, it was able to complete its depositions within the default time period and it is both Voith's demonstrated inefficiency and failed prioritization strategy that prevented it from timely completing Mr. Crusse's deposition. According to AMP, this fact, as well as the nature of the remaining deposition topics, do not justify Voith's request for additional time. Further, AMP asserts that the burden presented by an

2

additional fourteen hours of deposition time on top of the 28 hours Mr. Crusse already has undergone amounts to harassment, especially because testimony already has been offered on these three topics by other witnesses.  Finally, AMP suggests that if the Court finds additional discovery to be warranted, less burdensome alternatives exist.

## II.

Federal Rule of Civil Procedure 30(d)(1) provides as follows:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

The Advisory Committee Notes to the 2000 amendments to the Rules of Civil Procedure state that the party seeking a deposition longer than the Rules permit "is expected to show good cause to justify such an order."  The Notes indicate that the limit had been imposed in order to reduce cost and delay in the discovery process.  But the Committee also recognize that in some situations an extension will be needed, especially if the events to be inquired about took place over a lengthy period of time, or if the witness is provided documents in advance but fails to review them, thus prolonging the deposition with activity which should have taken place before the deposition began. The cases are generally consistent with these principles, but also place a burden on the requesting party to show that he or she acted diligently in attempting to complete the deposition within the time allotted by Rule 30(d)(1).  *Jones-McNamara v. Holzer Health Sys.,* No. 2:13-CV-616, 2014 WL 4202496, at *1 (S.D. Ohio Aug. 22, 2014) (citing *Beneville v. Pileggi,* 2004 WL 1631358 (D. Del. July 19, 2004) (the moving party has the burden to demonstrate that additional time is necessary)).

3

**III.**

At the outset, the Court offers two observations. First, many points raised by the parties are simultaneously true. Further, the Court's ongoing discovery management provides critical context for the current motion.

As to the first observation, yes, this case is complex and high stakes involving events occurring over a long period of time; yes, the parties generally have accounted for these circumstances with respect to deposition length; yes, AMP completed its depositions in a timely manner; yes, by all accounts Mr. Crusse appears uniquely situated among witnesses; yes, despite this, he is not the only witness with relevant information on these topics and Voith has deposed or will depose several other witnesses; yes, AMP ignores the distinction between Mr. Crusse's fact and Rule 30(b)(6) depositions; yes, a 28-hour fact deposition would be four times the limit set forth in Rule 30(b)(1); yes, Voith's motion is tinged with a tone of entitlement; and yes, AMP's counter argument is not focused on the relevance of the remaining topics.

As to the matter of context, the Court is familiar with tendencies toward leaving not even the tiniest pebble unturned, sometimes to questionable avail. The parties' motions practice frequently has amounted to little more than a critique of the other party's litigation strategy masquerading as substantive objection. Petulant stalemates have not been uncommon and the current motion presents no exception - Voith believes fourteen hours of additional time is necessary and, therefore, it is entitled to it; AMP asserts that it said no and meant it. Finally, an admonition is worthy of a reminder: the issues at stake, amount in controversy, and the parties' resources, while certainly Rule 26(b)(1) considerations, are not to be construed as justification for either limitless discovery or the monopolization of judicial resources. As to this final point of context, notably in this particular instance, Voith's request for additional deposition time is

limited to Mr. Crusse.  Presumably, this reflects both Voith's awareness of the magnitude of this particular request and an appreciation that, under the circumstances here, it is not one to be made lightly.

With all of the above in mind, the Court turns first to the issue of diligence.  Voith explains its method for deposition topic evaluation and ranking as evidence of its diligence.  AMP challenges the wisdom of Voith's efforts.  The Court, for its part, has reviewed the fact deposition transcript, keeping in mind the authority outlined above and recognizing that "[t]he written transcript does not always reflect the nuances of the deposition" and often "gives a somewhat incomplete picture of what occurred."  *Jones-McNamara*, 2014 WL 4202496, at *2.

From this review, as would be expected in a case of this complexity and scope and a deposition of this length, there is some inefficiency.  Indeed, the Court is particularly puzzled as to why Voith did not provide, prior to the deposition, the documents to be addressed.  For its part, AMP objects specifically to Voith's choices to devote two hours to examining Mr. Crusse about his background and seven hours to questioning him in detail about the defective discharge ring issue, a topic on which, it contends, he is not the most knowledgeable witness.  After reading Mr. Crusse's discharge ring testimony (*see* ECF Nos. 211-14 at PAGEID ## 19236-79; 211-15 at PAGEID ## 19284-317), to be sure, there is tediousness to the manner of questioning that no doubt added to the deposition's length.  This is apparent, even though it is often difficult for courts "to draw lines between topics that are of primary significance to one party's theory of the case or its defense to the plaintiff's claims and those which are secondary, and to state definitively that a certain amount of deposition time spent on one subject should have been condensed or should have been accorded lesser priority."  *Jones-McNamara*, 2014 WL 4202496,

5

at *2. The same can be said as to the detail with which Voith examined Mr. Crusse as to his professional background.

For example, as AMP notes, there are instances where Mr. Crusse indicates the limits of his knowledge on specific aspects of this topic but questioning persists. (*See, e.g.*, ECF No. 211-14 at PAGEID ## 19218; 19243-44; 19264; 19266-67; 19269.) Further, there is questioning addressed to documents not authored by Mr. Crusse where much time is devoted to confirming what the document itself states. (*Id*. at *e.g.*, PAGEID ## 19244-45; 19264-70.) In short, without belaboring it, the Court's impression after reading the transcript is that Voith's counsel frequently "proceeded at a pace, and in the type of detail, which did not appear to take into account that there was a presumptive time limit on the deposition." *Jones-McNamara*, 2014 WL 4202496, at *2. Stated somewhat differently, Voith demonstrated no intention of confining its lines of questioning and clearly expected to be granted additional time to conclude Mr. Crusse's individual deposition either by AMP's agreement or Court intervention.

This conclusion, however, does not completely resolve the issue raised by Voith's Motion. Even if Mr. Crusse's deposition had been more focused, the Court concludes that fourteen hours would not have been enough time for Voith reasonably to explore with Mr. Crusse all of the relevant issues presented by this case about which he has at least some knowledge. Given the importance of the three remaining deposition subjects identified by Voith, AMP's failure to meaningfully challenge their relevance or to support its harassment claim, and the breadth of Mr. Crusse's responsibility, the Court will allow additional deposition time. The only question then becomes, what amount of time is appropriate?

As noted, AMP asserts that, during the two days of Mr. Crusse's fact deposition, Voith spent two hours on Mr. Crusse's background and seven hours on the discharge ring issue. (ECF

6

No. 212 at 21.) Voith does not dispute AMP's approximate timeline but explains that seven hours of time devoted to the discharge ring issue was reasonable because it was "by far the most significant claim in this case" and "AMP seeks $53 million from Voith on that claim alone." (ECF No. 211 at 12). Accordingly, accepting Voith's account of the remaining topics covered after it concluded its examination on the discharge rings, over a period of approximately five hours, it questioned Mr. Crusse as to the background of the MOU (relating to AMP's $21,883,076 submittal milestone damages liquidated damages claim and Voith's labor escalation and increased bond cost affirmative claims totaling more than $5 million); the equipment delivery milestone liquidated damages claims (approximately $12 million), and, in part, its submittal liquidated damages claims ($21,883,076). (ECF No. 211 at 14-16.)

The Court is not persuaded that 14 additional hours of deposition time is warranted for several reasons. First, it is not borne out by Voith's prioritization strategy. For perspective, Voith now seeks nearly three times the five-hour time period discussed above and more than twice the amount of time addressed to the $53 million discharge ring claim to question Mr. Crusse on three remaining claims valued at nearly $50 million in total, including installation contractor proposed change order claims (over $18 million); Voith equipment alignment and powerhouse foundation settlement issues (over $10 million); and submittal milestones liquidated damages ($21,883,076.00). This is so despite, by its own admission, Voith already has begun its examination on the submittal milestones liquidated damages claim. Further, with respect to the installation contractor claims, there is no dispute that certain proposed change orders involving settlement change orders were topics addressed in Mr. Crusse's Rule 30(b)(6) deposition. (*See, e.g.*, ECF No. 212 at 25 citing ECF No. 211-17, Topics 28-34.) Notably, Voith does not explain why its admitted effort to reduce the potential for duplicative testimony in Mr. Crusse's Rule

7

30(b)(6) deposition testimony would not be equally appreciated in his individual deposition. (ECF No. 211 at 14.) Moreover, to the extent Voith insists that it should have the opportunity to examine *any* of the proposed change order claims in Mr. Crusse's individual deposition, that does not prevent change orders from being grouped by topic for efficiency in questioning as AMP suggests. (ECF No. 219 at 10) (emphasis in original.) Finally, as to the equipment alignment and powerhouse foundation settlement issues, while Voith argues broadly that this issue spans "several years and multiple projects, and Mr. Crusse has been involved from start to finish" (ECF No. 219 at 12), as AMP contends, that does not make him the most knowledgeable witness on this particular topic.

Taking all of this into account, the Court concludes that up to an additional seven hours of deposition time is sufficient for the completion of Mr. Crusse's individual fact deposition. This amount of additional time will allow for a fair examination of Mr. Crusse while acknowledging the legitimate concerns regarding diligence and efficiency as noted above. The time is to be apportioned for scheduling purposes in a manner to be agreed upon by the parties without resort to Court intervention. To maximize this time, Voith will be required to provide to Mr. Crusse, no later than seven days prior to the deposition date, copies of all documents to be used during the reconvened deposition. Voith is specifically advised that no further requests for additional time for Mr. Crusses's deposition will be considered and Voith is directed to prioritize and prepare its lines of questioning accordingly, keeping in mind that it is under no obligation to use the entire seven hours of allowable time. At the same time, the Court fully expects the parties and counsel to extend professional courtesy in the event a few extra minutes (*i.e.*, not more than 30) may be necessary to conclude the questioning. Finally, in reaching this

conclusion, the Court notes that AMP provided no support for its suggestion that alternative discovery methods would be less burdensome and it is not otherwise clear that they would.

## IV.

For the foregoing reasons, Voith's Motion for Additional Deposition Time (ECF No. 211) is **GRANTED, in part,** to the extent that Voith may have up to seven additional hours to complete the fact deposition of Mr. Crusse in accordance with the remote deposition protocol to which the parties previously stipulated.  Voith is **DIRECTED** to provide to Mr. Crusse copies of all documents to be used no later than seven days prior to the reconvening of the deposition.  No further requests for additional time to complete Mr. Crusses's deposition will be considered and Voith is also **DIRECTED** to prioritize and prepare its lines of questioning accordingly. As set forth above, professional courtesy **SHALL** be extended as necessary.

**IT IS SO ORDERED.**


DATED:  February 1, 2022

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**